UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **A.C. GLOVER,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **vs.** ) <br> ) <br> **CORIZON MEDICAL SERVICE,** *et al.***,** ) <br> ) <br> **Defendants.** ) | Civil Action Number <br> **6:15-cv-00651-AKK-HGD** |

## MEMORANDUM OPINION AND ORDER

A.C. Glover, an Alabama state prisoner acting *pro se*, filed this action pursuant to 42 U.S.C. § 1983, alleging that Corizon Medical Service, Dr. David Pavlakovic, and a Director Clabo, Nurse Christian, and Ms. Kirk[1] exhibited deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. Doc. 1. After the magistrate judge assigned to the case entered a report recommending the dismissal of all claims, *see* doc. 11, Glover timely filed objections, *see* doc. 13. For the reasons stated below, Glover's objections are due to be sustained solely as to Glover's claims against Clabo, Christian, and Kirk for failing to assist him with getting in and out of the shower and bed despite their subjective knowledge of his repeated falls. In all other respects, Glover's objections are due to be overruled.

---

[1] Although Ms. Kirk does not appear on the docket sheet, she is listed as a defendant in doc. 1 at 3.

## I. GLOVER'S ALLEGATIONS

As discussed in the Report and Recommendation, Glover alleges that, while incarcerated, Dr. Pavlakovic performed hip replacement surgery on Glover and that after the surgery Glover was subsequently returned to the Bibb County Correctional Facility's health care unit. Doc. 1 at 4. Glover's claims stem from his post-surgery care after his return to the health care unit and issues related to a defibrillator device he received at St. Jude Medical Center prior to his hip surgery. *Id.* As related to the defibrillator, Glover alleges that Dr. Pavlakovic "never visited with [him]" after his surgery, and "never provided [him] with a heart monitor . . . to monitor the discharges of [his] defibrillator." *Id.* at 5. Glover further alleges that when he complained to Nurse Christian about these issues, she either ignored his requests for assistance or directed him to submit a sick call slip. *Id.* Similarly, when Glover complained to Clabo and Kirk, "they refuse[d] to help [him]" and told him that "St. Jude should have provided [the monitor]." *Id.*

With respect to the post-hip surgery care, Glover alleges that he repeatedly fell and "complained of falling several times to the defendants Clabo, Christian, and Kirk." *Id.* at 5–6. Allegedly, these defendants purportedly refused to personally assist him or schedule physical therapy services for him, and "told [him] [that he] should let the [other] inmates help [him]" in and out of the shower and bed. *Id.* Finally, Glover alleges that "[i]t is a[n] undisputed fact the [individual]

2

defendants will not physically touch a[n] African American patient that is housed in the infirmary at Bibb County." *Id.* at 6–7.

## II.    ANALYSIS

Glover raises several objections to the magistrate judge's Report and Recommendation, which the court addresses below.

### A. The magistrate judge correctly relied on 28 U.S.C. § 1915.

Glover challenges the magistrate judge's recommendation that the court dismiss Glover's claims pursuant to 28 U.S.C. § 1915. According to Glover, 28 U.S.C. § 1915A(b)(1) is "not the correct authority to seek dismissal, as [Glover] has long been granted the right to proceed in Forma Pauperis." Doc. 13 at 1. The court disagrees. Section 1915A(b)(1) provides that the court must "dismiss the complaint or any portion of the complaint" either "before docketing" or "as soon as practicable *after docketing*" if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." § 1915A(b)(1) (emphasis added). Moreover, § 1915(e)(2)(B)(ii), upon which the magistrate judge also relied, *see* doc. 11 at 2, provides, in pertinent part, that the court "*shall* dismiss the case [of any person proceeding in forma pauperis] *at any time* if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) *fails to state a claim on which relief may be granted*; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(ii) (emphasis added). In other words, § 1915 allows

the court to dismiss claims as soon as the court becomes aware that the claims lack merit. Accordingly, Glover's argument that the court improperly used § 1915 as a vehicle to recommend dismissal is **OVERRULED**.

### B. The magistrate judge properly denied Glover discovery.

Glover objects next to the magistrate judge's order denying his request for discovery to determine the "complete names of all the defendants, and their gender approx. age, race, and their official position." Doc. 13 at 2. The court agrees with the magistrate judge that Glover's request to conduct discovery is premature. *See, e.g.*, *Spivey v. Stevens*, No. 5:11-cv-81(MTT), 2011 U.S. Dist. LEXIS 103213, at *1 (M.D. Ga. July 14, 2011) ("Plaintiff's requests are premature at this time because the Defendants have not yet filed an answer or dispositive motion."). Glover's objection is therefore **OVERRULED**.

### C. The claims related to the defibrillator fail.

As to Glover's claim that defendants failed to provide him with a heart monitor, the magistrate judge concluded that Glover's allegations "boil down to a difference of opinion between medical professionals as to post-operative methods." Doc. 11 at 9. Glover objects that "his defibrillator was discharging and was not properly monitored by the defendants, and [that] said monitor was ordered by medical officials at St. Jude Medical Center." Doc. 13 at 2; *see also id.* at 3. This objection is **OVERRULED** because, as an initial matter, Glover fails to allege

4

either that his defibrillator was discharging improperly (*i.e.*, malfunctioning), or that he informed defendants that he believed it was malfunctioning, and Glover's request for a heart monitor as a preventive measure does not equate to an objectively serious medical need. *See Bumpus v. Watts*, 448 F. App'x 3, 6 (11th Cir. 2011) ("The district court did not err by dismissing Bumpus's Eighth Amendment complaint for failure to state a claim. Because Bumpus only asserted that routine dental care would prevent future dental problems, he has failed to show an objectively serious need."). Moreover, even accepting Glover's allegations as true, the questioned conduct must involve "something more than a medical judgment call" to constitute deliberate indifference. *See Peterson v. Willie*, 81 F.3d 1033, 1038 (11th Cir. 1996).

> **D. The claims related to Dr. Pavlakovic's alleged failure to visit Glover and Clabo, Christian, and Kirk's alleged failure to provide Glover physical therapy services fail.**

The court agrees with the magistrate judge that Glover's allegations that Dr. Pavlakovic failed to visit Glover post-surgery and that the other defendants failed to provide him physical therapy services, even when accepted as true, do not state a claim for deliberate indifference, regardless of whether these omissions were the result of a medical judgment call or medical malpractice. *See Peterson*, 81 F.3d at 1038; *see also Gross v. White*, 340 F. App'x 527, 535 (11th Cir. 2009) ("[A] simple difference in medical opinion between the prison's medical staff and the

inmate as to the latter's . . . course of treatment is not enough to show deliberate indifference to serious medical needs.") (internal quotation marks omitted, alteration in *Gross*); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("Mere medical malpractice . . . does not constitute deliberate indifference."). Moreover, Glover does not allege any facts showing that Dr. Pavlakovic knew of and consciously disregarded a serious risk of harm to Glover. *See Campbell v. Sikes*, 169 F.3d 1353, 1364 (11th Cir. 1999) ("[L]iability may be imposed for deliberate indifference only if the plaintiff proves the defendant actually knew of an excessive risk to inmate health or safety an disregarded that risk. Proof that the defendant should have perceived the risk, but did not, is insufficient.") (internal citations and quotation marks omitted). Accordingly, Glover's objections in this regard are **OVERRULED**.

### E.  The claims against Corizon fail.

Glover does not voice any specific objection to the magistrate judge's determination that Glover fails to state a claim against Corizon Health Services. As the magistrate judge correctly notes, the doctrine of respondeat superior is "unavailable under section 1983 claims." *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992). Moreover, Glover fails to allege facts showing either a pervasive policy of deliberate indifference to serious medical needs sufficient to impute the alleged conduct to Corizon, or that one of the individual defendants serves as the

"final policymaker" for Corizon and implemented such a policy.  *See Grech v. Clayton County*, 335 F.3d 1326, 1329–30 (11th Cir. 2003) ("A plaintiff has . . . two methods by which to establish a county's policy:  identify either (1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county."). Therefore, the court adopts the magistrate judge's findings related to Corizon and accepts his recommendation.

### F. The claims against Clabo, Christian, and Kirk regarding Glover's repeated falls survive.

Finally, Glover objects to the magistrate judge's determination that Glover fails to state a claim against Clabo, Christian, and Kirk based on Glover's allegation that these defendants ignored his repeated complaints about falling after his hip surgery and his requests for assistance.  Doc. 13 at 2–3.  Although the magistrate judge is correct that Glover "admits [that defendants told him] to allow inmates in the infirmary to help him" and that the provision of such assistance "does not require any expert training," doc. 11 at 12, relevant here, the assistance at issue was essential to Glover's post-recovery care.  In that respect, far from being a "mere difference of opinion between the plaintiff and the prison medical staff as to who should help the plaintiff ambulate," *id.*, Glover is actually alleging that these defendants refused to provide assistance with egress and ingress even though he purportedly repeatedly told them he was falling and re-injuring his hip.

*Compare Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) ("a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's . . . course of treatment" does not support deliberate indifference claim), *with McElligott v. Foley*, 182 F.3d 1248, 1257 (11th Cir. 1999) (district court erred in granting summary judgment when medical defendants were "aware" that plaintiff was suffering but essentially provided "no care at all").

To prevail on this claim, Glover must allege that he suffered from a serious medical need, deliberate indifference to that need, and a causal link between the deliberate indifference and his injury. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009). To show deliberate indifference, "a prison inmate must show: (1) subjective knowledge of a risk of serious harm; [and] (2) disregard of that risk; (3) by conduct that is more than gross negligence." *Thomas v. Bryant*, 614 F.3d 1288, 1312 (11th Cir. 2010). Glover has made a sufficient showing at this juncture through his allegations that he suffered from a serious injury, *i.e.*, post-operative hip weakness or instability that repeatedly caused him to fall when getting in and out of the shower and bed, that he told Clabo, Christian, and Kirk "several times" that he needed assistance, and that they either ignored him or suggested that he ask other inmates to assist him. Doc. 1 at 5–6. Moreover, the court can reasonably infer from Glover's allegations that defendants' repeated refusal to assist Glover led to subsequent falls and re-injury. *See Jackson v.*

*Birmingham Bd. of Educ.*, 309 F.3d 1333, 1335 (11th Cir. 2002) ("On a motion to dismiss, the facts stated in [the] complaint *and all reasonable inferences therefrom* are taken as true.") (emphasis added); *see also Williams v. Canty*, No. 5:05-cv-310 CAR, 2008 U.S. Dist. LEXIS 23320, at **7–8 (M.D. Ga. Mar. 25, 2008) ("A defendant's subjective knowledge of a risk of serious harm is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.") (internal quotation marks omitted).  In this court's view, these allegations state a claim for knowing disregard of a serious risk of injury which constitutes more than mere difference of medical opinion or a decision regarding the appropriate course of treatment.  Therefore, Glover's objection is **SUSTAINED**.

### III.   CONCLUSION

In sum, after a *de novo* review of the entire file, the court has reached an independent conclusion that the Report and Recommendation is hereby **ADOPTED** to the extent that it calls for the dismissal of (1) Glover's claims against Corizon Health Services and Dr. Pavlakovic, (2) his claims regarding defendants' failure to provide him with a heart monitor or physical therapy services, and (3) his claims that defendants' alleged failure to provide him with

9

adequate medical care was racially motivated.[2]  These claims are **DISMISSED WITHOUT PREJUDICE**.  The Report and Recommendation is **REJECTED** to the extent that it calls for dismissal of Glover's claims regarding Clabo, Christian, and Kirk's alleged failure to assist him by helping to prevent him from falling while getting in and out of the shower and bed.  This matter is **REFERRED** to the magistrate judge for further proceedings consistent with this order.

    **DONE** the 1st day of March, 2017.

                                                      _____
                                                    **ABDUL K. KALLON**
                                        UNITED STATES DISTRICT JUDGE

---

[2] Glover does not challenge the magistrate judge's conclusion that Glover's allegation that defendants "will not touch an African-American inmate" is conclusory and lacks factual support.  The court agrees with that conclusion, and adds that the proper vehicle for such a claim is an action under the Equal Protection Clause of the Fourteenth Amendment.  *See Dumel v. Elvin*, 561 F. App'x 869, 870 (11th Cir. 2014).  In any event, Glover's allegations fail to state such a claim, because Glover does not allege facts showing that "he is similarly situated with other prisoners [of a different race] who received more favorable treatment."  *See id.*